IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JOYCE SNYDER,

           Plaintiff,

v.                                        CIVIL ACTION NO. 3:06-0389

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and
DONNA HARMON, as agent, employee,
and/or representative of STATE FARM MUTUAL
INSURANCE COMPANY,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is a Petition to Remand by Plaintiff Joyce Snyder. The Court has reviewed the petition and the response filed by Defendants State Farm Mutual Automobile Insurance Company (State Farm) and Donna Harmon, as agent, employee, and/or representative of State Farm. For the following reasons, the Court **GRANTS** Plaintiff's petition.

**I.
FACTS**

This case arises from a motor vehicle accident that occurred in Boyd County, Kentucky, on July 16, 2004, between Plaintiff, a resident of Wayne County, West Virginia, and Barbara Bailey, a resident of Lawrence County, Ohio. At the time of the accident, Ms. Bailey was an uninsured driver. Therefore, on October 28, 2005, Plaintiff filed an action solely for uninsured motorist coverage against her insurance company, State Farm, in Circuit Court of Wayne County, West Virginia. On December 23, 2005, the action was removed to this Court, and Plaintiff moved to dismiss the action without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil

Procedure[1] so that she could refile the action in either Kentucky or Ohio and name the uninsured motorist as a defendant. The Court granted the motion on January 18, 2006. *Memorandum Opinion and Order* (entered on Jan. 18, 2006).[2]

Subsequently, Plaintiff filed an action in Boyd County, Kentucky, but also filed this action against State Farm in the Circuit Court of Cabell County, West Virginia.[3] State Farm is incorporated and has its principal place of business in Illinois. Plaintiff then amended her Complaint to name Ms. Harmon, a claims adjuster for State Farm, as a defendant. Ms. Harmon is a citizen of West Virginia. On May 22, 2006, Defendants removed this action to this Court based upon diversity jurisdiction, arguing that Ms. Harmon was fraudulently joined. Plaintiff asserts that Ms. Harmon

---

[1]Rule 41(a)(2) provides:

> **(2) By Order of Court**. Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Fed. R. Civ. P. 41(a)(2).

[2]In that same Memorandum Opinion and Order, the Court denied Defendant's motion to dismiss with prejudice and denied Defendant's motion for costs. *Id*.

[3]In her Amended Complaint, Plaintiff asserts that the negligent acts complained about occurred in both Wayne and Cabell Counties in West Virginia. *Amended Complaint*, at ¶ 4.

is a proper defendant and the case should be remanded to the Circuit Court of Cabell County. Upon review of Plaintiff's petition and Defendants' response, the Court finds that remand is proper.

## II.
## DISCUSSION

The party arguing that fraudulent joinder exists has a heavy burden and "must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor. This standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (citing *Marshall v. Manville Sales Corp.* 6 F.3d 229, 232-33 (4th Cir. 1993); *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992)). In order to prove fraudulent joinder, the party removing the case "must demonstrate either outright fraud in the plaintiff's pleading of jurisdictional facts or that there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Id.* (emphasis original; internal quotation marks and citation omitted). All doubts with respect to propriety of removal must be resolved in favor of the state court retaining jurisdiction. *Id.* at 425 (citation omitted). Although a plaintiff's claims may not ultimately be successful, "ultimate success is not required to defeat removal." *Id.* at 426.

In this case, Defendants assert that Ms. Harmon was fraudulently joined because she was last employed by State Farm on April 8, 2005, and Plaintiff did not file this action against her until May 3, 2006. Therefore, to the extent that Plaintiff has stated a claim under West Virginia's Unfair Trade Practices Act (UTPA), West Virginia Code §§ 33-11-1 to -10, Defendants assert that the one-year statute of limitations expired prior to the action being filed against Ms. Harmon.

Although fraudulent joinder may apply in cases where the statute of limitations has run against a non-diverse defendant, "[i]f the statute of limitations issue is difficult to determine, the doctrine of fraudulent joinder is not appropriate, and the case should be remanded to the state court." *Shaffer v. Northwestern Mut. Life Ins. Co.*, 394 F. Supp.2d 814, 818 (N.D. W. Va. 2005) (citing *Riverside Baptist Church v. Certainteed Corp.*, 349 F. Supp.2d 943, 949 (D. Md. 2004) ("finding that where parties disagree as to when the statute of limitations began to run, the state court should make the appropriate determination")).

The parties do not disagree that Plaintiff may state a cause of action under the UTPA against a claims adjuster employed by an insurance company. *See* Syl. Pt. 1, *Taylor v. Nationwide Mut. Ins. Co.*, 589 S.E.2d 55 (W. Va. 2003) (stating "[a] cause of action exists in West Virginia to hold a claims adjuster employed by an insurance company personally liable for violations of the West Virginia Unfair Trade Practices Act, W. Va. Code §§ 33-11-1 to -10"). Likewise, there is not a dispute between the parties that the one-year statute of limitations applies to such action. *See* Syl. Pt. 1, *Wilt v. State Auto. Mut. Ins. Co.*, 506 S.E.2d 608 (W. Va. 1998) (providing "[c]laims involving unfair settlement practices that arise under the Unfair Trade Practices Act . . . are governed by the one-year statute of limitations set forth in West Virginia Code § 55-2-12(c) (1994)"). However, the parties strongly disagree as to when the one-year statute of limitations begins to run in this case.

In support of her position, Plaintiff cites *Klettner v. State Farm Mut. Auto. Ins. Co.*, 519 S.E.2d 870 (W. Va. 1999). In *Klettner*, a jury awarded a verdict in favor of the plaintiffs on January 31, 1996, as a result of injuries sustained in an automobile accident. *Id*. at 872. The

-4-

tortfeasor appealed the verdict, but the West Virginia Supreme Court denied the petition for appeal in November of 1996. *Id.* at n.4. Thereafter, the plaintiffs filed a separate action on September 10, 1997, against the tortfeasor's insurer for, *inter alia*, violations of the UTPA. *Id.* at 872-73. The case was removed to the federal court, which ultimately certified a question to the West Virginia Supreme Court as to when the statute of limitations on the claim against the insurer began to run. *Id.* at 873. In ruling on the certified question, the court held that the statute of limitations "does not begin to run until the appeal period has expired on the underlying cause of action upon which the statutory claim is predicated." *Id.* at Syl. Pt. 7, in part.[4] Thus, as the underlying action against the uninsured driver in the present case has not been resolved, Plaintiff argues that under *Klettner* the statute of limitations has not even began to run.

On the other hand, Defendants assert that *Klettner* is distinguishable from the present case because it involved an insurer, not an adjuster, and the statute of limitations must be applied separately to each defendant. In addition, *Klettner* involved a third-party action, not a first-party action as exists in the instant case. Defendants specifically point to footnote 11 of *Klettner* to illustrate the different policy considerations underlying these two types of cases, which provides:

> In *Light v. Allstate Insurance Co.*, 203 W. Va. 27, 506 S.E.2d 64 (1998), we recently discussed the "clear distinction between a first-party and a third-party bad faith claim." *Id.* at 34, 506 S.E.2d at 71. Given the fact that an insurer is the named defendant in the bad faith claim as well as underlying

---

[4]Syllabus Point 7 provides, in full: "The one-year statute of limitations which applies to claims of unfair settlement practices brought pursuant to West Virginia Code § 33-11-4(9) (1996) does not begin to run until the appeal period has expired on the underlying cause of action upon which the statutory claims is predicated." *Id.* at Syl. Pt. 7.

> tort action in a first-party action, we stated that the insurance mentioning concern that has historically been part of the basis for delaying third-party bad faith claims until the underlying claim is resolved does not come into play in a first-party claim. Because the instant case is a third-party claim, our discussion in *Light* concerning this distinction is of no relevance to the decision in this case.

*Id*. at 876 n.11.  Therefore, Defendants argue that *Klettner* does not control the present case. Moreover, Defendants cite two cases decided by the district court in the Northern District of West Virginia which applied the statute of limitations to situations similar to the one here.

In *Shaffer*, the plaintiff purchased disability insurance from Samuel Urso, Jr. and Urso Insurance Agency, Inc. that was issued by The Northwestern Mutual Life Insurance Company. 394 F. Supp.2d at 816.  The plaintiff later sued Urso and these entities in state court alleging, *inter alia*, violations of the West Virginia Unfair Claims Settlement Practices Act and certain insurance regulations. *Id*. at 816-17.  Defendants removed the case to federal court and argued that Urso and Urso Insurance were fraudulently joined. *Id*.  The district court agreed with Defendants because the plaintiff only alleged that Urso was actively involved in the claim until September 10, 2002, and the plaintiff did not file his complaint until December 4, 2004, exceeding the one-year statute of limitations for such claims. *Id*. at 818-19 (citing the one-year statute of limitations in *Wilt*).  Thus, the court dismissed Urso and Urso Insurance from the action and denied the plaintiff's motion to remand. *Id*.  However, there is no mention in *Shaffer* of *Klettner* and whether it impacts when the statute of limitations begins to run in a first-party action.

In *Johnson v. Acceptance Ins. Co.*, 292 F. Supp.2d 857 (N.D. W. Va. 2003), also cited by Defendants, the plaintiff sued the defendant for wrongful death. *Id*. at 862. The defendant contacted its insurance company which denied coverage on September 26, 1997, and did not participate in defense of the lawsuit. *Id*. The plaintiff received a default judgment against the defendant and the plaintiff was awarded a judgment on November 5, 2001, in the amount of $2,250,000. *Id*. at 862-63. The plaintiff and the defendant previously had entered into an agreement that the plaintiff would be assigned all rights that the defendant had against its insurers in exchange for the plaintiff not executing a judgment against the defendant's assets. *Id*. at 862. Thereafter, the plaintiff filed an action against the insurers alleging, inter alia, violations of the UTPA. *Id*. at 863.

One of the insurers moved for summary judgment on the first-party UTPA claim. *Id*. at 870. The plaintiff did not respond to the insurer's argument. Relying upon *Klettner*, the court cited syllabus point 7 which provides that the statute of limitations "begins to run when 'the appeal period has expired on the underlying cause of action upon which the statutory claim is predicated.'" *Id*. (quoting Syl. Pt. 7, *Klettner*, in part). Without further discussion, the court then stated that "[t]he statutory claim at issue in this case is predicated on . . . [the insurer's] unfair settlement practice in denying coverage for the underlying claim[, . . . which occurred when the insurer] denied coverage on September 26, 1997." *Id*. Therefore, the court granted the insurer's motion for summary judgment, finding the claim barred by the statute of limitations. *Id*.

Although in both *Shaffer* and *Johnson* the district court found the statute of limitations had expired, this Court finds them of limited weight here. As previously mentioned,

*Shaffer* does not discuss the impact of the *Klettner* decision at all and *Johnson*'s discussion of *Klettner* is extremely limited. In addition, the issue in *Johnson* was raised on a motion for summary judgment, not under the liberal standard applicable to a motion to remand for fraudulent joinder based upon the statute of limitations, and the plaintiff in *Johnson* did not even file a response in opposition to the insurer's argument. Moreover, Defendants in this case concede that the court in *Klettner* declined to address the first-party issue, and neither side has cited a West Virginia Supreme Court decision which has decided that issue.

In light of these circumstances, and as the issue is hotly contested in this case, the Court finds that the liberal standard outlined by the Fourth Circuit in *Hartley* mandates that this case be remanded for the state court to decide. Although Defendants ultimately may succeed on the statute of limitations issue raised herein, it is far better for the matter to be resolved by the state court and not by this Court. Accordingly, the Court **GRANTS** Plaintiff's Motion to Remand.[5] In the event of remand, Plaintiff makes a request for costs and fees. However, the Court finds that such is not warranted in this case and, therefore, **DENIES** Plaintiff's request. Likewise, the Court has reviewed Defendants' Motion for Costs of Previously Dismissed Action [doc. no. 5], and **DENIES** said costs as unwarranted.

---

[5]Defendants also argue that West Virginia does not recognize Plaintiff's claim against Ms. Harmon for "negligent" claims handling. As the Court has determined the case should be remanded the Court declines to address this issue.

## III.
## CONCLUSION

Accordingly, the Court **GRANTS** Plaintiff's Petition to Remand [doc. no. 11], **DENIES** her request for fees and costs associated with her Petition, and **DENIES** Defendants' Motion for Costs of Previously Dismissed Action [doc. no. 5].

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: August 23, 2006

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE